RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE ___9___/___15___/___08___
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

CARL MITCHEL COUSIN                    DOCKET NO. 08-CV-0684; SEC. P
     LA. DOC. #84367

VERSUS                                 JUDGE DEE D. DRELL

CORRECTIONS CORPORATION OF             MAGISTRATE JUDGE JAMES D. KIRK
AMERICA, ET AL.

REPORT AND RECOMMENDATION

Pro se Plaintiff, Carl M. Cousin, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 19, 2008. He was ordered to amend his complaint, and the Court received his amended complaint on July 16, 2008. [Doc. #7] Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. He complains that he has been denied appropriate medical treatment for a "spider bite."

Plaintiff seeks injunctive relief and compensatory damages of $5 million. He names as defendants the Corrections Corporation of America ("CCA"), WCC physician Dr. Alfonso Pacheco, Warden Tim Wilkinson, and Medical Director Pat Thomas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## Background

According to his Complaint and Amended Complaint, Plaintiff's hand became infected from a spider bite in September 2007, so he made sick calls. In December 2007, Plaintiff filed an administrative remedy procedure. Shortly thereafter, Plaintiff was sent to LSU to be examined because his hand was infected.

Plaintiff states that, at LSU Medical Center, he was examined by a bone specialist and an x-ray was taken. Plaintiff claims that his constitutional right to medical care was violated because an x-ray test was inappropriate. Plaintiff alleges that an MRI should have been ordered by the LSU physician because the infection had deteriorated his bone. [Doc. #7] Plaintiff alleges that the doctor at Winn Correctional was deliberately indifferent to Plaintiff's serious medical need by denying Plaintiff the right to have an MRI when the doctor knew about the infection. [Doc. #7]

## Law and Analysis

The Prison Litigation Reform Act (the "PLRA") mandates the dismissal of a prisoner's civil rights complaint in whole or in part if, upon the initial screening of the complaint, the court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party is proceeding *in forma*

*pauperis*. 28 U.S.C. § 1915(e)(2)(B)(mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Peoples v. Correctional Medical Services, 2008 WL 2403724 (S.D. TX June 10, 2008), quoting Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Id.; Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir.)(citing Moore v. Carwell, 168 F.3d 234, 236 (5th Cir. 1999)(citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint

must be taken as true." Id., citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id., citing Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007)(quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." Id., citing Twombly, 127 S.Ct. at 1974. Of course, "[a] document filed pro se is 'to be liberally construed,' ... and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, ---U.S. ----, 127 S.Ct. 2197, 2200 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

I.    Supervisory Liability

Plaintiff sues Warden Wilkinson and Medical Director Pat Thomas in their capacity as supervisory officials. As Plaintiff was advised in this Court's order, a supervisor may not be held liable for a civil rights violation under a theory of respondeat superior or vicarious liability. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Supervisory officials can be held liable only if the plaintiff demonstrates either: (1) the

supervisor was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987); see also Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539, 550 (5th Cir. 1997)("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). Supervisory liability exists without obvious personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " Thompkins, 828 F.2d at 304 (quotations omitted).

Plaintiff does not allege facts indicating that either Wilkinson or Thomas had any personal involvement with the alleged deprivation. Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's conduct. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983)(citing Rizzo v. Goode, 423 U.S. 362, 371-72 (1976)). In order to successfully plead a cause of action under 42 U.S.C. §1983, a civil rights plaintiff must present a set of facts that explains the defendants' participation in the wrong alleged. See Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff failed to

meet that requirement. Also, as discussed below, Plaintiff failed to demonstrate that he was denied adequate care in violation of the Eighth Amendment.

II. Medical Care

Plaintiff claims that he was denied proper medical care. He alleges that the LSU physician should have ordered an MRI instead of an x-ray, and he claims this is evidence of deliberate indifference by Dr. Pacheco. Dr. Pacheco and/or other WCC administrators referred Plaintiff to physicians at LSU, and had him transported there for medical examination and testing. Plaintiff's disagreement with the diagnostic tests ordered by a physician at an outside hospital cannot be attributed to Dr. Pacheco or WCC staff. Moreover, even if Dr. Pacheco did have some authority or influence over physicians at other facilities, he could not be held vicariously liable for the actions of those subordinates, as discussed above. Finally, even if Dr. Pacheco had ordered the x-ray, as opposed to the MRI that Plaintiff wanted, Plaintiff's disagreement with that order would not establish a violation of §1983. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)(Unsuccessful medical treatment, acts of negligence or medical malpractice, or a prisoner's disagreement regarding medical treatment is insufficient to establish an unconstitutional denial of medical care.)

Also, in his original complaint, Plaintiff mentioned, "and the

medicine and the exercise LSU told them to give me and do they have not did yet." In its Memorandum Order [Doc. #4], the Court instructed Plaintiff to provide more detail concerning that claim, as well as other claims. Plaintiff filed an amended complaint providing additional information to the Court as instructed; however, he omitted any information or allegations regarding Dr. Pacheco not providing him with medication prescribed by the physician at LSU. Plaintiff has an obligation to provide the grounds of his entitlement to relief; and, despite being instructed to do so, Plaintiff failed to provide sufficient allegations.

Nonetheless, even if Dr. Pacheco had not provided Plaintiff with medication prescribed by the LSU physician, that fact, in and of itself, does not state a claim for a constitutional violation. Dr. Pacheco could simply have disagreed with the treatment prescribed by the other physician. As stated herein, a difference of opinion as to treatment does not give rise to a constitutional violation. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

III. WCC and CCA Liability

To the extent that Plaintiff attempts to hold CCA liable under §1983 for the acts of its employees, Plaintiff's claim is frivolous. CCA is a private corporation, which is not vicariously liable under §1983 for its employees' deprivations of others' civil rights. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 728

7

(4th Cir. 1999); <u>Street v. Corrections Corporation of America</u>, 102 F.3d 810, 817-18 (6th Cir. 1996)(CCA cannot be held liable under §1983 on respondeat superior or vicarious liability basis). Rather, a private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." <u>Monell v. Dept. of Social Svcs.</u>, 98 S. Ct. 2018 (1978). Plaintiff's complaint is devoid of any allegations that an official policy or custom of CCA was the "moving force" behind any employee's alleged deprivation of Plaintiff's civil rights. Accordingly, Plaintiff's claims against CCA should be dismissed as frivolous.

Next, to the extent that Plaintiff seeks to hold WCC liable for a constitutional deprivation, his claim fails. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the WCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. A review of the Louisiana Secretary of State's corporation database suggests that WCC is not a corporation and, as such, not a juridical person. Plaintiff has failed to allege or establish otherwise.

## Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED as frivolous and for failing to state a claim for which relief can be granted.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE